# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1065V
UNPUBLISHED

| | |
|---|---|
| RAFAEL FRANCISCO OJEDA COLON,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: March 4, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Reasonable Basis; Influenza (Flu) Vaccine; Guillain-Barré syndrome (GBS) |

*Roberto E. Ruiz-Comas*, RC Legal & Litigation Services PSC, San Juan PR, for Petitioner.

*Lara A. Englund*, U.S. Department of Justice, Washington, DC, for Respondent.

### **DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On July 20, 2018, Rafael Francisco Ojeda Colon ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered from Guillain-Barré syndrome ("GBS") after receiving an influenza ("flu") vaccine on October 17, 2013. Petition at 1.

After a series of briefs from the parties, on June 3, 2021, I issued my decision dismissing the petition for insufficient proof. (ECF No. 60). Thereafter, on June 22, 2021,

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all Section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner filed his motion for reconsideration, which I denied on June 30, 2021. (ECF No. 63). Petitioner then filed a motion for review on July 1, 2021. (ECF No. 64). On October 18, 2021, the Court of Federal Claims issued its decision denying Petitioner's motion for review. *Colon v. Sec'y of Health & Human Servs.* 156 Fed. Cl. 534 (Fed. Cl. 2021).

On November 4, 2021, Petitioner filed a motion seeking a total of $67,660.19 in attorney's fees and costs. Petition for Reimbursement of Attorneys' Fees and Costs ("Fees App.") (ECF No. 72). Respondent filed a response on November 18, 2021, indicating that he "respectfully recommends that the Special Master exercise his discretion and determine whether to award, and/or a reasonable award for, attorneys' fees and costs" but did not otherwise indicate whether he believed the claim lacked reasonable basis. Resp. at 4 (ECF No. 73). Petitioner filed a reply on November 19, 2021, reiterating his belief that the requested fees and costs are reasonable. (ECF No. 74).

For the reasons discussed below, I find there was a reasonable basis for Petitioner's claim, and he is otherwise entitled to a fees award despite the dismissal of his claim.

**I.      Reasonable Basis**

**A.      Legal Standard**

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined (consistent with the Vaccine Act's liberal fee-shifting provisions) that fees and costs may be awarded in Vaccine Act claims even in unsuccessful claims. H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 133 S.Ct. 1886, 1895 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when the petition was untimely filed); *Davis v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 627, 634 (2012). Indeed – the Act may be the only federal fee-shifting statute that permits unsuccessful litigants to recover fees and costs.

However, Congress did not intend that every losing petition automatically result in an attorney's fees award. *Perreira v. Sec'y of Health & Human Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). And there is a prerequisite to even obtaining fees in an unsuccessful case. The special master or court may award attorney's fees and costs in a case in which compensation was not awarded only if "that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Establishing reasonable basis is a first step to a fee award for unsuccessful cases – but establishing it does not automatically *require* an award, as special masters are still empowered by the Act to deny or limit fees. *James-Cornelius on behalf of E. J. v.*

2

*Sec'y of Health & Human Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021) ("even when these two requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees").

What is deemed the "reasonable basis" analysis actually involves two determinations, as the Federal Circuit has explained – a subjective inquiry to assess whether the petition was brought in good faith, and an objective one to ascertain whether reasonable basis existed. *Simmons,* 875 F.3d at 635 (quoting *Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 289 (2014)). "Good faith is a subjective test, satisfied through subjective evidence." *Cottingham,* 971 F.3d at 1344. "[T]he 'good faith' requirement . . . focuses upon whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Human Servs.*, No. 99-0544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).

Cases in which good faith has been found to be lacking often involve petitioners who failed to produce or actively concealed evidence undermining their claims. *Purnell-Reid v. Sec'y of Health & Human Servs.,* No. 18-1101V, 2020 WL 2203712 (Fed. Cl. Spec. Mstr. Apr. 6, 2020); *Crowding v. Sec'y of Health & Human Servs.,* No. 16-0876V, 2019 WL 1332797 (Fed. Cl. Spec. Mstr. Feb. 26, 2019); *Heath v. Sec'y of Health & Human Servs.*, No. 08-0086V, 2011 WL 4433646 (Fed. Cl. Spec. Mstr. Aug. 25, 2011); *Carter v. Sec'y of Health & Human Servs.*, No. 90-3659V, 1996 WL 402033 (Fed. Cl. Spec. Mstr. July 3, 1996).

"Additionally, a petitioner's attorney's conduct may also be relevant when evaluating good faith." *Purnell-Reid*, 2020 WL 2203712, at *6. "Counsel still have a duty to investigate a Program claim even if they reasonably find their client to be a credible individual." *Cortez v. Sec'y of Health & Human Servs.*, No. 09-0176V, 2014 WL 1604002, at *8 (Fed. Cl. Spec. Mstr. Mar. 26, 2014). Factors, such as a looming statute of limitations and the conduct of counsel, are properly considered when determining whether good faith exists – but *do not bear* on the claim's objective basis. *Simmons,* 875 F.3d at 636; *Amankwaa v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 282, 289 (2018) ("the effort that an attorney makes to investigate a claim or to ensure that a claim is asserted before the expiration of the statutory limitations period . . . are properly evaluated in determining whether a petition was brought in good faith").

"Reasonable basis, on the other hand, is an objective test, satisfied through objective evidence." *Cottingham,* 971 F.3d at 1344. The reasonable basis requirement examines "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner*, 2007 WL 4410030, at *6 (quoting *Di Roma v. Sec'y of Health & Human Servs.,* No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). The Federal Circuit recently explained "that a reasonable basis analysis is limited to objective

evidence, and that subjective considerations, such as counsel's subjective views on the adequacy of a complaint, do not factor into a reasonable basis determination." *James-Cornelius on Behalf of E. J. v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021).

Although clearly easier to meet than the preponderant standard required for compensation, "courts have struggled with the nature and quantum of evidence necessary to establish a reasonable basis." *Wirtshafter v. Sec'y of Health & Human Servs.,* --- Fed. Cl. ---, 2021 WL 4188429, at *5 (Fed. Cl. 2021). "[I]t is generally accepted that 'a petitioner must furnish *some evidence* in support of the claim.'" *Id.* (quoting *Chuisano,* 116 Fed. Cl. at 288, emphasis added in *Wirtshafter*). Citing the *prima facie* elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level of the objective evidence sufficient for a special master to find reasonable basis should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham*, 971 F.3d at 1345-46. In a prior case, it affirmed a special master's determination that reasonable basis was lost after Petitioner's "expert opinion, which formed the basis of the claim, was found to be unsupported by either medical literature or studies." *Perreira*, 33 F.3d at 1376.

### B.     Existence of Reasonable Basis

Good faith is not at issue herein, leaving only for me to determine if the claim possessed reasonable basis. I previously determined that the evidence in this case did not preponderantly support the conclusion that Petitioner had suffered the residual effects of GBS for more than six months. Decision, issued June 3, 2021, ECF No. 60. Petitioner received the flu vaccine on October 17, 2013. Ex. 2 at 1; Ex. 9 at 1, 3. Although he was hospitalized for GBS and underwent treatment for this condition, the medical records reflect that Petitioner was last assessed with GBS sequelae on February 11, 2014 – approximately four months from onset. Ex. 12 at 9. There are no records thereafter that document specific treatment or care associated with the GBS that Petitioner experienced in the fall of 2013.

Nevertheless, Petitioner presented evidence that he suffered from medical issues that extended well into 2014 and beyond. *See,* e.g., Ex. 10 at 6 (record from May 1, 2014 documenting "changes in [b]owel habits"); Ex. 10 at 3 (record from July 13, 2015 documenting pelvic fractures). Although I determined that these issues were unrelated to Petitioner's GBS diagnosis and that he was unable to satisfy the Vaccine Act's severity requirement, there was enough evidence in the record to support bringing the claim – as this evidence of continued symptoms *could* have been shown to be GBS-related, and was reasonably interpreted to support that conclusion in bringing the case. The fact that

I did not so conclude does not mean that this objective proof did not exist – the core consideration for determining reasonable basis.

I also note that Respondent has not advanced *any* argument which challenges the good faith or reasonable basis of Petitioner's claim, instead merely noting that special masters have wide discretion in determining the reasonableness of a petitioner's request for attorneys' fees and costs. I thus find that Petitioner had a reasonable basis to file his petition in this case, and that reasonable basis continued to exist throughout the time it was pending before me and the Court of Federal Claims. And there is no other basis for a denial of fees, despite the claim's lack of success. Therefore, the only remaining question is the appropriate amount of the attorney's fees and costs to be awarded.

## II.     Appropriate Amount to be Awarded

### A.     Legal Standard

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

### B.     Attorney's Fees

#### 1.     Hourly Rates

Petitioner requests the following rates of compensation for the work of his attorney, Mr. Roberto Ruiz-Comas: $350 per hour for 2018, $360 per hour for 2019, $370 per hour for 2020, and $380 per hour for 2021. Motion at 3. These rates are consistent with what Mr. Ruiz-Comas has previously been awarded for his Vaccine Program work and I find them to be reasonable for work in the instant case as well. *See Rios Morales v. Sec'y of*

*Health & Human Servs.,* No. 18-1190V, 2021 WL 1564460 (Fed. Cl. Spec. Mstr. Mar. 19, 2021). I will therefore apply them in calculating fees.

### 2. Hours Billed

Upon review, I find the billed hours to be reasonable. The billing entries describe with sufficient detail the task being performed and the time spent on each task. Respondent has not identified any particular entries as objectionable and upon review, I did not find any entries to be objectionable either. Accordingly, Petitioner is entitled to a final award of attorney's fees of **$62,920.00**.

### C. Attorney Costs[3]

Like fees, a request for reimbursement of case-related costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. CL. 1992). Petitioner requests a total of $4,740.19 in costs, comprised of the Court's filing fee, translation of documents, and opinion letters provided by two medical experts, Dr. Jose Carlo and Dr. Priscilla Llavat. Fees App. at 20. The costs for the filing fee, the translation, and the work of Dr. Carlo are reasonable, but the work of Dr. Llavat requires further discussion.

Petitioner requests $500.00 for the letter provided by Dr. Llavat. There are two issues with this cost. First, there is no indication as to how that amount was calculated. Dr. Llavat's invoice does not contain an hourly rate, nor does it indicate how much time Dr. Llavat expended on the preparation of this letter. The invoice is therefore deficient per the requirements of the Guidelines for Practice Under the National Vaccine Injury Compensation Program, Section X, which notes that for expert expenses, "the expert's services must be identified with particularity in contemporaneous, dated records indicating the amount of time spent on each task."[4]

Second, as I indicated in my Decision denying Petitioner's motion for reconsideration, Dr. Llavat's letter was untimely because Petitioner had ample opportunity to submit an opinion letter from Dr. Llavat before my Decision. What is more, the letter did not contain anything which could fairly be construed as new evidence not previously available. Because it was not reasonable to incur this expense for Dr. Llavat's letter, I shall not reimburse it.

---

[3] Petitioner has filed a signed General Order No. 9 statement indicating she incurred no out-of-pocket litigation costs. (ECF No. 71).

[4] The Guidelines are available at www.uscfc.uscourts.gov/sites/default/files/Guidelines-4.24.2020.pdf.

## Conclusion

I have determined that an award of reasonable attorney's fees and costs is appropriate in this case even though compensation was not awarded. Section 15(e)(1). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$67,160.19** (representing $62,920.00 in fees and $4,240.19 in costs) as a lump sum in the form of a check jointly payable to Petitioner and INTOVACC, LLC.

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.